1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICKY GUERRA, | CASE NO. CV F 06-0139 AWI LJO |
| Plaintiff, | **ORDER ON REMAND MOTION** (Doc. 10.) |
| vs. | |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, et al., | |
| Defendants. | |
| _____/ | |

**<u>INTRODUCTION</u>**

In this insurance breach of contract, bad faith and related action, plaintiff Vicky Guerra ("Ms. Guerra") seeks to remand this action to Stanislaus County Superior Court and to recover $2,250 attorney fees to seek remand after defendant North American Company for Life and Health Insurance ("North American") removed this action to this Court. This Court considered Ms. Guerra's remand motion on the record and without the April 14, 2006 hearing or oral argument, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court:

1.      REMANDS this action to Stanislaus County Superior Court; and

2.      ORDERS North American, no later than April 14, 2006, to pay Ms. Guerra $750 for

attorney fees to secure remand.

1

1

## BACKGROUND

2

### The Parties And Life Insurance Policy

3    On December 16, 2000, Jennifer Perry ("Ms. Perry"), then a California resident and now

4 deceased, purchased a $300,000 life insurance policy ("life policy") issued by North American, an

5 Illinois corporation.  Defendant Roger J. Moore ("Mr. Moore"), a current Ohio resident, assisted Ms.

6 Perry as an independent agent to acquire the life policy.  Defendant Victor Davis ("Mr. Davis"), a

7 California resident, is the beneficiary under the life policy.  Ms. Guerra, a Stanislaus County resident,

8 is the administrator of Ms. Perry's Stanislaus County estate.

9    In February 2005, Mr. Davis was convicted of the June 2001 murders of Ms. Perry and her

10 daughter.  Mr. Davis serves two life sentences in a Calipatria, California prison and appeals his

11 convictions.  According to North American, Ms. Guerra has not served Mr. Davis with the summons

12 and complaint.

13    Ms. Guerra submitted a claim to North American under the life policy.  North American denied

14 the claim and rescinded the life policy on grounds that Ms. Perry made material misrepresentations in

15 her life policy application.

16                                      **Ms. Guerra's Claims**

17    Ms. Guerra proceeds on her first amended complaint ("complaint"), filed December 7, 2005 in

18 Stanislaus County Superior Court.  The complaint alleges against North American and Mr. Moore causes

19 of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud

20 in connection with applying for and rescinding the life policy.  The complaint alleges a (fourth)

21 declaratory relief cause of action against only Mr. Davis to allege that his conviction for Ms. Perry's

22 murder disqualifies him from receiving life policy benefits, pursuant to California Probate Code section

23 252.  The declaratory relief cause of action further alleges that since Mr. Davis appeals his conviction,

24 there is no final judgment and that Mr. Davis may maintain a claim for proceeds as named beneficiary

25 under the life policy.  The declaratory relief cause of action seeks a declaration "whether DAVIS

26 feloniously and intentionally killed Jennifer Perry for purposes of establishing whether DAVIS is

27 considered to have predeceased Jennifer Perry."

28 / / /

2

**North American's Removal**

On February 8, 2006, North American filed its notice to remove this action to this Court on grounds that Mr. Moore and Mr. Davis "are fraudulently joined, and therefore, their citizenship must be ignored for the purpose of determining the propriety of removal. . . . Accordingly, there is a complete diversity between plaintiff and the only properly joined defendant, North American."  In its removal notice, North American contends that Ms. Guerra's claims against Mr. Moore, in his role as an insurance agent, fail.  As to the declaratory relief cause of action against Mr. Davis, North American argues in its removal notice that after Mr. Davis' appeal is determined, Ms. Guerra "will not need a declaration from this Court to make an identical determination which will be made by Davis' appeal" to render requested declaratory relief "neither necessary nor proper at this time."  North American concludes that Ms. Guerra cannot state a viable claim against Mr. Davis and "his citizenship should therefore be ignored for purposes of removal."

**Ms. Guerra's Remand Motion**

On March 9, 2006, Ms. Guerra filed her motion to remand to the Stanislaus County Superior Court on grounds that diversity jurisdiction does not exist in that Ms. Guerra and Mr. Davis, an indispensable party, reside in California.  In its opposition papers, North American agrees with Ms. Guerra that the remand motion "centers on" Mr. Davis.

**DISCUSSION**

**Removal And Remand**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Original diversity jurisdiction exists under 28 U.S.C. § 1332(a) when the parties are of diverse citizenship and the amount in controversy exceeds $75,000 "exclusive of interest and costs."[1]  When an action is removed based on diversity, complete diversity must exist at removal.  *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580 (1986); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.

---

[1] Ms. Guerra pursues state law claims exceeding $75,000.  Since no substantial federal question appears from the face of Ms. Guerra's complaint, no federal question jurisdiction exists under 28 U.S.C. § 1331.

3

1  1985).  Complete diversity requires each plaintiff to be a citizen of a different state than each defendant.

2  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996); *Morris v. Princess Cruises, Inc.*, 236

3  F.3d 1061 (9th Cir. 2001).  Generally, diversity is determined from the face of a complaint.  *Gould*, 790

4  F.2d at 773; *Miller*, 763 F.2d at 373.

5       Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on

6  removal," the removal statute is strictly construed against removal.[2]  *Shamrock Oil & Gas Corp. v.*

7  *Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th

8  Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the

9  first instance."  *Duncan*, 76 F.3d at 1485; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A

10  defendant "has the burden of establishing that removal was proper."  *Duncan*, 76 F.3d at 1485; *Harris*

11  *v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994).

12       "If at any time before final judgment it appears that the district court lacks subject matter

13  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Without jurisdiction the court cannot

14  proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only

15  function remaining to the court is that of announcing the fact and dismissing the cause."  *Ex parte*

16  *McCardle*, 7 Wall 506, 514, 19 L.Ed. 264 (1869).

17       With these standards in mind, this Court turns to whether North American's removal was proper.

18  **Felonious And Intentional Killing**

19       California Probate Code section 252 prevents a felonious and intentional killer to recover

20  benefits under the life policy of the killer's victim:

21       A named beneficiary of a . . . life insurance policy . . . who feloniously and
         intentionally kills . . . the person upon whose life the policy is issued is not entitled to any
22       benefit under the . . . policy . . . and it becomes payable as though the killer had
         predeceased the decedent.
23

24  California Probate Code section 254 addresses the effect or absence of a judgment of conviction:

25       (a) A final judgment of conviction of felonious and intentional killing is
         conclusive for purposes of this part.
26

27  _____

28  2    "At the core of the federal judicial system is the principle that the federal courts are courts of
         limited jurisdiction."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

4

1
2
3

(b) In the absence of a final judgment of conviction of felonious and intentional killing, the court may determine by a preponderance of evidence whether the killing was felonious and intentional for purposes of this part.  The burden of proof is on the party seeking to establish that the killing was felonious and intentional for the purposes of this part.

4   Ms. Guerra contends that since Mr. Davis appeals his conviction, there is no final judgment to

5   satisfy California Probate Code section 254(a), and that such a judgment or judicial declaration is

6   necessary to determine Ms. Guerra and Mr. Davis' rights under the life policy.  Ms. Guerra notes that

7   although her cause of action against Mr. Davis is styled as declaratory relief, it "is one brought directly

8   under Probate Code § 254(b)" and Ms. Guerra "could have titled the cause of action accordingly.  The

9   purpose of Probate Code § 254(b) would be eviscerated if a plaintiff is forced to wait until a criminal

10  defendant has exhausted his/her appeals and could not initiate a civil action."  North American responds

11  that Ms. Guerra cannot state a viable declaratory relief claim against Mr. Davis in the absence of an

12  actual justiciable controversy.

13  **Sham Defendant/Fraudulent Joinder**

14  North American contends that Ms. Guerra joined Mr. Davis and Mr. Moore[3] as sham defendants

15  to destroy diversity jurisdiction. Ms. Guerra argues that she has stated a viable claim against Mr. Davis,

16  an indispensable party whose rights under the life policy are at issue, and that Ms. Guerra, Ms. Perry and

17  Mr. Davis' common California "citizenship" destroys diversity jurisdiction.  According to Ms. Guerra,

18  until Mr. Davis' rights are determined and extinguished, she cannot proceed on her remaining claims.

19  Fraudulently joined defendants will not defeat removal on diversity grounds. *Ritchey v. Upjohn*

20  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 407 (1998).  "Fraudulent

21  joinder is a term of art."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "If a

22  plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according

23  to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit

24  is ignored for purposes of determining diversity.'"  *United Computer Systems, Inc. v. A.T. & T. Corp.*,

25

26

27

28

3   According to Ms. Guerra, Mr. Moore resides in Ohio, a "diverse" residence from Ms. Guerra, to moot the need to "analyze or rule on whether a cause of action has been stated as to Mr. Moore." North American agrees and notes "the only dispute on plaintiff's motion to remand is whether Victor Davis is properly joined in this action."

298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris*, 236 F.3d at 1067).  Joinder is fraudulent if there is

no intention to get a joint judgment and there is no colorable ground for claiming so.  *Lewis v. Time,*

*Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549.  However, there is no fraudulent joinder

if the defendant's assertions go to "'the merits of the action as an entirety, and not to the joinder; that

is to say, it indicated that the plaintiff's case was ill founded as to all the defendants.'" *Ritchey*, 139 F.3d

at 1318 (quoting *Chesapeake & Ohio R. Co. v. Cockrell*, 232 U.S. 146, 153-154, 34 S.Ct. 278 (1914)).

North American bears the burden to demonstrate Mr. Davis is a sham defendant:

> The burden of proving fraudulent joinder is a heavy one.  The removing party
> must prove that there is absolutely no possibility that the plaintiff will be able to establish
> a cause of action against the in-state defendant in state court, or that there has been
> outright fraud in the plaintiff's pleadings of jurisdictional facts.

*Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

"The defendant seeking removal to the federal court is entitled to present facts showing the

joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.  A removing defendant may attempt to submit

facts that the resident defendant had "no real connection with the controversy." *Wilson v. Republic Iron*

*& Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921); *Ritchey*, 139 F.3d at 1318.

A court addressing a sham defendant does not "decide whether the plaintiff will actually or even

probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada*

*Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  A court must not take "an overly mechanistic approach

to defendant's fraudulent joinder claim."  *Alderman v. Pitney Bowes Management Services*, 191

F.Supp.2d 1113, 1116 (N.D. Cal. 2002).  "Given the presumption against removal jurisdiction, disputed

questions of fact should be decided in favor of the nonremoving party." *Levine v. Allmerica Financial*

*Life Ins. & Annuity Co.*, 41 F.Supp.2d 1077, 1078 (C.D. Cal. 1999); *see Green*, 707 F.2d at 204; *Good*

*v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 806 (N.D. Cal. 1998).  "[D]oubt arising from

inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Lewis*,

83 F.R.D. at 460.

North American claims that Ms. Guerra's declaratory relief claim against Mr. Davis "is merely

a procedural device" and fails "because no substantive claim has been alleged against Davis."  North

American appears to take the untenable position that declaratory relief is unavailable in an action based

6

1   on diversity jurisdiction and ignores the Declaratory Judgment Act, 28 U.S.C. § 2201.  North American's

2   cited authority, *In re Joint Eastern and Southern District Asbestos Litigation*, 14 F.3d 726, 731 (2nd

3   1993), contradicts North American's supposition:

> A necessary prerequisite to the exercise of judicial power, then, is the presence before a court of a claim of substantive right. . . . In other words, the plaintiff's complaint must allege a substantive claim that triggers the court's adjudicative function.  **Except when a party seeks declaratory relief**, the plaintiff must assert that some conduct on the part of the defendants that has caused or is causing actual or threatened injury to the plaintiff that will be remedied or avoided by determination of liability.  (Bold added; citation omitted).

8   North American's position makes no sense.

9   Next, North American argues that Ms. Guerra fails "to show that declaratory relief against Davis

10  is proper because there is no actual and justiciable controversy to be decided by this Court.  North

11  American claims that since Mr. Davis' criminal appeal remains pending and there is no final conviction,

12  "the parameters of that controversy are still unknown and therefore not ripe for declaratory relief.  Once

13  the appeal is decided, [Ms. Guerra] will not need a declaration from this Court to make an identical

14  determination which will be made by Davis's [sic] appeal."  North American points to California Code

15  of Civil Procedure section 1061 which permits a court to refuse declaratory relief "in any case where its

16  declaration or determination is not necessary or proper at the time under all the circumstances."  North

17  American relies on the following from *Taliaferro v. Taliaferro*, 179 Cal.App.2d 787, 791, 4 Cal.Rptr.

18  689, 691 (1960): "A dispute that is the subject of another action pending between the same parties and

19  arising out of the same subject matter may not be the subject of an independent action for declaratory

20  relief because the controversy will have been rendered moot by judgment in the former action."

21  Conceding that this action and Mr. Davis' criminal appeal do not "involve the same parties," North

22  American claims the above quote is "instructive" in that Ms. Guerra's declaratory relief claim and Mr.

23  Davis' criminal appeal involve the same subject matter whether Mr. Davis feloniously and intentionally

24  killed Ms. Perry.

25  North American presumes the criminal appeal will resolve the felonious, intentional killing

26  question but does not explain  how.  The parties fail to indicate the issues or disputed matters of the

27  criminal appeal and whether they are simply limited to guilt or innocence.  There may be procedural

28  issues to require retrial whether Mr. Davis feloniously and intentionally killed Ms. Perry.  Ms. Guerra

1   correctly notes the dissimilarity of parties in this action and the criminal appeal to mitigate the authority

2   relied upon by North American.  Moreover, as noted by Ms. Guerra, California Probate Code section

3   254 addresses a situation such as that here and provides for a presumably quicker civil determination

4   pending criminal appeals.  California Probate Code section 254(b) places the burden on Ms. Guerra to

5   prove felonious, intentional killing to allay North American's "procedural" concerns.

6           North American has failed to meet its heavy burden to demonstrate fraudulent joinder and to

7   demonstrate that Ms. Guerra's declaratory relief claim fails obviously under California law.  This Court

8   is unable to conclude that no possibility exists that Ms. Guerra will be able to obtain her requested

9   declaratory relief or that Ms. Guerra has fraudulently pled jurisdictional facts.  This Court is unable to

10  determine that Mr. Davis lacks a connection to the controversy.  The presumptions against removal

11  weigh in favor of Ms. Guerra.

12                                    **Unanimity Requirement**

13          Although not addressed by the parties, a question arises whether North American's removal is

14  defective because the other defendants neither joined in nor consented to it.  North American notes that

15  Mr. Davis has not been served with the summons and complaint.  Ms. Guerra's papers mention that Mr.

16  Moore has been located in Ohio although this Court is unsure whether he has been served with the

17  summons and complaint.

18          Pursuant to subdivision (a) of 28 U.S.C. § 1446 ("section 1446"), a "defendant or defendants

19  desiring to remove any civil action . . . from a State court shall file in the district court of the United

20  States for the district and division within which such action is pending a notice of removal signed

21  pursuant to Rule 11 of the Federal Rules of Civil Procedure . . ."  Section 1446(b) specifies the "notice

22  of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

23  defendant, through service or otherwise, of a copy of the initial pleading . . ."

24          "Section 1446 requires all proper defendants to join or consent to the removal notice." *Prize

25  Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); *see Parrino v. FHP, Inc.*, 146 F.3d

26  699, 703 (9th Cir.), *cert. denied*, 525 U.S. 1001, 119 S.Ct. 510 (1998) ("All defendants must join a notice

27  of removal").  Under the "unanimity requirement," when there is more than one defendant in the action,

28  all defendants must unanimously agree to join in the removal.  *Hewitt v. City of Stanton*, 798 F.2d 1230,

8

1232 (9ᵗʰ Cir. 1986); *Ford v. New United Motors Manufacturing, Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994).

Each defendant must "file a document in which the defendant formally concurs with removal." *Ford*, 857 F.Supp. at 708, n. 3 (citing *Getty Oil v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262,t n. 11 (5ᵗʰ Cir. 1988)0. "[O]ne defendant may not speak for another in a removal petition." *Unicom Systems, Inc. v. National Louis Univ.*, 262 F.Supp.2d 638, 642, n. 5 (S.D.W.Va. 2002). Section 1446 requires "all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Creekmore v. Food Lion*, 797 F.Supp. 505, 509 (E.D. Va. 1992). "[I]n a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal." *Miles v. Kilgore*, 928 F.Supp. 1071, 1075-1076 (N.D. Ala. 1996).[4] "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266 (holding "[t]he case was improperly removed because not all defendants consented to the removal."); *see Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7ᵗʰ Cir. 1982).

"Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective." *Ford*, 857 F.Supp. at 708; *see Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n. 1 (9ᵗʰ Cir. 1988). Because section 1446(a)'s requirements are mandatory, "there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially* and unambiguously consents to, a removal petition within 30 days of service." *Miles*, 928 F.Supp. at 1075-1076 (italics in original).

Here, North American solely filed notice to remove this action. A question remains whether Mr. Davis and Mr. Moore have consented or will consent officially and unambiguously to removal. North American is not in a position to speak for other defendants, is silent as to their consent to removal, and fails to explain the absence of their consent. Doubts as to the unanimity requirement favor remand.

---

[4] F.R.Civ.P. 11 "does not authorize one party to make representations or file pleadings on behalf of another." *Miles*, 928 F.Supp. at 1076.

1

**Attorney Fees**

2      To pursue remand, Ms. Guerra seeks to recover $2,250 attorney fees, comprising:

3      1.      1.5 hours at $300 hourly partner rate to prepare the remand motion papers ($450);

4      2.      One hour at $300 hourly partner rate to prepare reply papers ($300); and

5      3.      Five anticipated hours at $300 hourly partner rate to travel to and attend hearing

6              ($1,500).

7  To support his $300 hourly billing rate, Ms. Guerra's attorney notes he is a California certified specialist

8  in estate planning and probate law.

9      "An order remanding the case may require payment of just costs and any actual expenses,

10  including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The purpose of such

11  an award is not to punish defendants, but rather to reimburse plaintiffs for unnecessary litigation costs."

12  *Kanter v. Warner-Lambert Co.*, 52 F.Supp.2d 1126, 1132 (N.D. Cal. 1999), *aff'd,* 265 F.3d 853 (9th Cir.

13  2001).  A showing of the removing defendant's bad faith is not required for an award of attorney fees

14  and costs.  "Indeed, the statute as amended makes no reference at all to the state of mind or intent of the

15  party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."

16  *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (quoting *Morgan Guar.*

17  *Trust Co. v. Repub. of Palau*, 971 F.2d 917, 923 (2nd Cir. 1992)); *Balcorta v. Twentieth Century-Fox*

18  *Film Corp.*, 208 F.3d 1102, 1106, n. 6 (9th Cir. 2000).  "The decision of whether to award costs and fees

19  lies within the sound discretion of the trial judge who may take into account the particular circumstances

20  of the case and the legal issues involved."  *Schrader v. Hamilton*, 959 F.Supp. 1205, 1212 (C.D. Cal.

21  1997).

22      An attorney fees award is appropriate to reimburse Ms. Guerra to secure remand.  The $300

23  hourly billing rate of Ms. Guerra's attorney is reasonable given his experience. Devotion of 2.5 hours

24  to prepare the remand and reply papers is appropriate, not excessive.  Since this Court considers remand

25  on the record and without a hearing, Ms. Guerra's counsel will not need to devote five hours to travel

26  and appear at a hearing.  As such, an award of $750 (2.5 hours multiplied by $300 hourly rate) is in order

27  to secure remand under the circumstances.

28  / / /

10

1

## CONCLUSION AND ORDER

2

For the reasons discussed above, this Court:

3     1.     REMANDS this action to Stanislaus County Superior Court and DIRECTS this Court's

4            clerk to take necessary action to remand this action to Stanislaus County Superior Court

5            and to close this action;

6     2.     ORDERS North American, no later than April 14, 2006, to pay Ms. Guerra $750 for

7            attorney fees to secure remand; and

8     3.     VACATES the June 6, 2006 scheduling conference.

9     IT IS SO ORDERED.

10    **Dated:    March 31, 2006**                          **/s/ Lawrence J. O'Neill**
      66h44d                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28